**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J.P. PARNELL, | No. 19-16163 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00749-JAM-AC |
| v. | |
| CHEN, Doctor, Medical Physician; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

California state prisoner J.P. Parnell appeals pro se from the district court's

judgment dismissing his action alleging deliberate indifference to serious medical

needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal for failure to state a claim under 28 U.S.C. § 1915A.  *Wilhelm v. Rotman*,

___

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

680 F.3d 1113, 1118 (9th Cir. 2012).  We review for an abuse of discretion a dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Parnell's action was proper because Parnell failed to allege facts sufficient to show that defendants disregarded an excessive risk to Parnell's serious medical needs related to his feet.  *See Toguchi v. Chung*, 391 F.3d 1051, 1056-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) (a prisoner has no constitutional right to outside medical care to supplement the medical care provided by the prison).

To the extent Parnell challenges the processing of his grievances regarding his medical needs, the district court properly dismissed such claims because "inmates lack a separate constitutional entitlement to a specific . . . grievance procedure."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Parnell's motion for oral argument (Docket Entry Nos. 11, 13) is denied. Parnell's motion to take judicial notice (Docket Entry No. 14) is denied as

19-16163

unnecessary.

**AFFIRMED.**